Fredric P. Gallin, Esq.
Attorney ID#204736
METHFESSEL & WERBEL, ESQS.
One Liberty Place
1650 Market Street, 36th Floor
Philadelphia, PA  19103
215-665-5622
Fax 215-665-5623
gallin@methwerb.com
Attorneys for Defendants Braulio A. Jiminez Chuva and SSB Express LLC
Our File No.  92850 FPG

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAURA PIAZZA<br><br>Plaintiff<br><br>v.<br><br>BRAULIO A JIMINEZ CHUVA, INTEGRATED VEHICLE LEASING, INC. AND SSB EXPRESS LLC.<br><br>Defendants | CIVIL ACTION NO.<br><br><br>**NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT** |

    **PLEASE TAKE NOTICE** that Defendants, Braulio A. Jiminez Chuva and SSB Express LLC hereby file this Notice of Removal of the above-captioned matter to the United States District Court for the Middle District of Pennsylvania from the Court of Common Pleas in Luzerne County, Pennsylvania  where the action is now pending, pursuant to 28 U.S.C. Sec. 1446 and state:

1.    Braulio A. Jiminez Chuva and SSB Express LLC are the Defendants in the above-captioned matter.

2.      The action is a civil action commenced in the Court of Common Pleas of Luzerne County, Pennsylvania on October 24, 2022 and is pending therein.

3.      Because of the following facts, Defendants request that this action proceed in this Court as an action properly removed to it:

A.      Plaintiff Laura Piazza is a resident of the Commonwealth of Pennsylvania, residing at 541 Green Street in Duryea, Pennsylvania.  Plaintiff has filed a Complaint against Defendants Braulio A. Jiminez Chuva, a resident of the State of Maryland, Integrated Vehicle Leasing, Inc., with its principal place of business in the State of New York and SSB Express LLC, with its principal place of business in the State of New Jersey, alleging personal injuries resulting from a motor vehicle accident that purportedly occurred on June 17 2020.

B.      This Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between individuals and entities of different states.

C.      Accordingly, this action may be removed by Defendants under 28 U.S.C. § 1441.

4.      Thirty days have not elapsed since the service of the Complaint upon the Defendants in state court.

5.      Copies of all process, pleadings, and orders served upon defendants are attached to this Notice of Removal, in accordance with 28 U.S.C. § 1446.

6.      Concurrent with the filing of this Notice of Removal, Defendants are providing written notice to all parties and the Clerk of Court of Common Pleas, Luzerne County, Pennsylvania pursuant to 28 U.S.C. § 1446.

WHEREFORE, Defendants, Braulio A. Jiminez Chuva and SSB Express, LLC request that this action proceed in this Court as an action properly removed to it.

**METHFESSEL & WERBEL, ESQS.**
Attorneys for Defendants
Braulio A. Jiminez Chuva and SSB Express
LLC.

By:_____
        Fredric Paul Gallin

DATED: October 28, 2022

Fredric P. Gallin, Esq.
Attorney ID#204736
METHFESSEL & WERBEL, ESQS.
One Liberty Place
1650 Market Street, 36th Floor
Philadelphia, PA  19103
215-665-5622
Fax 215-665-5623
gallin@methwerb.com
Attorneys for Defendants Braulio A. Jiminez Chuva and SSB Express LLC
Our File No.  92850 FPG

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAURA PIAZZA<br><br>Plaintiff<br><br>v.<br><br>BRAULIO A JIMINEZ CHUVA, INTEGRATED VEHICLE LEASING, INC. AND SSB EXPRESS LLC.<br><br>Defendants | CIVIL ACTION NO.:<br><br>**CONSENT FOR REMOVAL TO UNITED STATES DISTRICT COURT** |

    I, the authorized representative of Defendant, Integrated Vehicle Leasing, Inc. hereby consent to removal to United States District Court of this matter, originally filed in the Court of Common Pleas in Luzerne County Pennsylvania and assigned Civil Action No. 2022-CV-05141.



_____
Rebecca M. Cantor, Esq.
Authorized representative for Defendant Integrated Vehicle
Leasing, Inc.


Dated:  10/27/22

**The Foley Law Firm**
A Professional Corporation
By: Kevin P. Foley, Esquire
I.D. # 53067
538 Biden St. Ste. 200 - P.O. Box 1108
Scranton, Pennsylvania, 18501-1108
(570) 342-8194

Attorney for Plaintiffs

| | | |
|---|---|---|
| LAURA PIAZZA | | :IN THE COURT OF COMMON PLEAS |
| | | : OF LUZERNE COUNTY |
| | Plaintiff | : CIVIL ACTION |
| vs. | | : |
| | | : JURY TRIAL DEMANDED |
| | | : |
| BRAULIO A. JIMENEZ CHUVA, | | : |
| BRAULIO ALCIBAR JIMENEZ CHUVA, | | : |
| INTERGRATED VEHICLE LEASING, INC., | | : |
| And SSB EXPRESS LLC | | : 2022 – CV - 05141 |
| | Defendants | : |

## NOTICE TO DEFEND

You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take certain action within twenty (20) days after this Complaint and Notice are served by entering a written appearance personally or by an attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff(s).  You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

Luzerne County Bar Association
200 N River St #23,
Wilkes-Barre, PA 18711

Kevin P. Foley, Esquire

**The Foley Law Firm**
A Professional Corporation
By:  Kevin P. Foley, Esquire
I.D. # 53067
538 Biden St. Ste. 200 - P.O. Box 1108
Scranton, Pennsylvania, 18501-1108
(570) 342-8194                                                                    Attorney for Plaintiffs

LAURA PIAZZA                                     :IN THE COURT OF COMMON PLEAS
                                                 :  OF LUZERNE COUNTY
                            Plaintiff            :  CIVIL ACTION
                vs.                              :
                                                 :  JURY TRIAL DEMANDED
                                                 :
BRAULIO A. JIMENEZ CHUVA,                        :
BRAULIO ALCIBAR JIMENEZ CHUVA,                   :
INTERGRATED VEHICLE LEASING, INC.,               :
And SSB EXPRESS LLC                              :  2022 – CV - 05141
                            Defendants           :

## COMPLAINT

AND NOW, the Plaintiff, Laura Ann Piazza, by and through her counsel, Kevin P.

Foley, Esquire, of the Foley Law Firm, who hereby files this Complaint against the

Defendants, Braulio Alcibar Jimenez Chuva a/k/a Braulio A. Jimenez Chuva, and

Integrated Vehicle Leasing Inc., and SSB Express LLC respectfully avers as follows:

1.      The Plaintiff, Laura Ann Piazza, is an adult citizen and resident of the

Commonwealth of Pennsylvania, with a residential address of 541 Green Street, Duryea,

PA, 18642.

2.      The Defendant, Braulio A. Jimenez Chuva a/k/a Bravlio Alcibar Jimenez

Chuva (hereinafter "Defendant Chuva"), is an adult citizen and resident of the State of

Maryland, it is believed and averred with a date of birth of 12-9-1966, with last known

residential addresses of 3528 E. Fairmont Avenue, Baltimore, MD, 21224 and/or 1328

Druid Hill Avenue, Baltimore, MD 21217-3033.

3.     The Defendant, Integrated Vehicle Leasing Inc., (hereinafter "defendant Integrated") had a principal place of business located in the state of New York, 734 Walt Whitman Road, Melville, NY, 11747.

4.     The Defendant, SSB Express LLC, (hereinafter "defendant SSB") has a US DOT # 02408110 and a principal place of business is located in the state of New Jersey, 5 Tenfly Rd – Suite 312, Englewood, NJ 07631.

5.     On or about June 17, 2020, at approximately 08:04 A.M., the Plaintiff, Laura Ann Piazza, was operating a 2016 Ford Edge, was traveling westerly direction on US-11 in Salem Township, Luzerne County, Pennsylvania.

6.     At or about the same time, the Defendant Chuva, while operating a 2012 Freightliner, it is believed to be owned by Defendant Integrated and/or Defendant SSB, vehicle identification number 1FUACWDT7CDBF2103 and purporting to have a New Jersey registration # of XDSR53 and was traveling westerly direction on US-11 in Salem Township, Luzerne County, Pennsylvania.

7.     It is believed and therefore averred that at all times relevant, Defendant Chuva was employed by and/or acting on behalf of defendant Integrated and/or Defendant SSB and was acting within the scope of his employment and/or agency with Defendant Integrated and/or Defendant SSB, at and prior to the aforementioned collision.

8.     It is believed and therefore averred that at all times relevant and at the time of the collision which is the subject matter of this litigation, the vehicle being operated by the defendant Chuva was owned by the defendants Integrated and/or SSB,

and was being operated in interstate commerce under defendant SSB's U.S. DOT # 02408110 and/or authority.

9.     At the aforementioned date, time, and roadway the Defendant Chuva was following Plaintiff in a line of vehicles on US-11.

10.     At the aforementioned date, time, and roadway, Plaintiff began to reduce the speed of her vehicle in accordance with the flow of traffic ahead of her vehicle.

11.     At the aforementioned date, time, and roadway, the Defendant Chuva was legally obligated to reduce the speed of his vehicle in accordance with the flow of traffic but did not and drove the truck into the back of plaintiff's vehicle causing an violent collision.

12.     The collision occurred on US-11 in the West bound lane in Salem Township, Luzerne County, Pennsylvania.

13.     At the aforementioned time and place, Defendant Chuva, it is believed and therefore averred was not paying attention to the road way and traffic, failed to slow and stop his vehicle and struck the rear of Plaintiff's vehicle, causing a violent collision which resulted in Plaintiff's serious injuries and impairments of bodily functions.

14.     The aforementioned collision was caused solely and exclusively by the careless, indifferent, negligent, reckless, wanton, and unlawful conduct of Defendant Chuva, and the other defendants, and was not caused by any act or failure to act on the part of Plaintiff.

15.     At all times relevant and material hereto, Plaintiff acted with due care and caution for the safety of herself and all others around him.

16.    At the aforementioned time, the Defendant Chuva consciously and recklessly disregarded the speed of traffic on the roadway.

17.    At the aforementioned time, it is believed and therefore averred that the Defendant Chuva was distracted driving.

18.    At the aforementioned time, the Defendant Chuva did consciously and recklessly follow too close to Plaintiff.

19.    At the time of the collision the defendant Chuva was operating and moving said, a Class 9 vehicle, on US-11 with the knowledge and permission of both defendant Integrated and defendant SSB, in violation of § 1301, 75 Pa.C.S.A. in that it was not properly registered.

20.    At the aforementioned date and time, the Plaintiff maintained full tort insurance coverage on her own her insurance policy.

21.    As a direct and proximate result of the conduct on the part of the Defendants, the Plaintiff, Laura Piazza, sustained severe and serious injuries and impairments of bodily functions, including but not limited to her left shoulder, chest, back, neck and head some or all of which he has been advised may be permanent in nature.

22.    As a direct and proximate result of the conduct of the Defendants, the Plaintiff has been obligated to expend various and diverse sums of money in an effort to treat their injuries and will continue to be so obligated for an indefinite time in the future.

23.    As a direct and proximate result of the conduct on the part of the Defendants, the Plaintiff has suffered medical expenses and incurred other incidental monetary and financial losses and expenses and will continue to suffer such losses and damages for an indefinite time in the future.

24.    As a direct and proximate result of the conduct on the part of the Defendants, it is believed and therefore averred that Plaintiff has suffered serious impairment of bodily function, severe physical pain and suffering, mental anguish, emotional distress, discomfort, inconvenience, embarrassment, humiliation, disfigurement, and loss of the ability to enjoy the pleasures of life and will continue to so suffer for an indefinite time in the future.

25.    Defendants knew or had reason to know that Defendants' conduct created a high degree of risk or substantial physical hard to others, including Plaintiff, but nevertheless deliberately proceeded to act, and to fail to act, in conscious disregard of, and with indifference to that risk, and recognized that the risk was substantially greater than that necessary to make Defendant's conduct negligent.

26.    The aforementioned collision and resulting injuries and losses were all caused solely and exclusively by the conduct of the Defendants and were not caused in anyway by any act or failure to act on the part of Plaintiff.

### COUNT I

### LAURA ANN PIAZZA v. BRAULIO ALCIBAR JIMENEZ CHUVA

27.    Plaintiff incorporates by reference all of the preceding paragraphs inclusively as if the same were set forth fully at length herein.

28.    The reckless, careless, and negligent conduct on the part of Defendant Chuva caused the Plaintiff's injuries, damages, and losses in one or more of the following ways:

> a. Operating his vehicle without due regard for the rights and safety of Laura Ann Piazza and others lawfully on the roadway;

b.  Violation of §3361 of the Pennsylvania Motor Vehicle Code, 75 Pa.C.S.A.;

c.  Violation of §3310 of the Pennsylvania Motor Vehicle Code, 75 Pa.C.S.A.;

d.  Operating his vehicle carelessly and negligently without due regard for the rights and safety of the Plaintiffs;

e.  Following too closely;

f.  Failure to pay attention to the roadway in front of him;

g.  Distracted driving;

h.  Speeding;

i.  Failing to keep a proper lookout for other vehicles, including the Plaintiff, Laura Ann Piazza, who was lawfully on the roadway;

j.  Failing to keep his vehicle under proper and adequate control at all times;

k.  Recklessly driving into the back of Plaintiffs vehicle;

l.  Texting and driving;

m.  otherwise liable as may be determine thru discovery;

n.  Failing to properly apply his brakes and avoid striking the Plaintiff, Laura Ann Piazza's vehicle;

o.  Failing to keep his vehicle under proper and adequate control at all times;

p.  Driving too fast for conditions in violation of 75 Pa. C.S.A. 3361;

q.  Violation of Section 3308 of the Pennsylvania Motor Vehicle Code, 75 Pa.C.S.A.;

r.  Violation of Section 3309 of the Pennsylvania Motor Vehicle Code, 75 Pa.C.S.A.;

s.  Violation of Sections 3714(a) and (c) and/or 3736 of the Pennsylvania Motor Vehicle Code, 75 Pa.C.S.A.;

t.  Driving a vehicle which was not properly registered;

u.  Operating a vehicle without proper registration in violation of Section 1301 of the Pennsylvania Motor Vehicle Code, 75 Pa.C.S.A.

v.  Failing to properly inspect and/or maintain the vehicle he was operating;

w.  Violation of the Federal Motor Carriers Safety Regulations;

x.  Operating a vehicle in violation of the hours and service regulations, 49 CFR 395.3;

y.  operating a vehicle when too tired to do so safely in violation of 49 CFR 392.3;

z.  failing to properly inspect the vehicle in violation of Federal Motor Carrier Safety Regulation, 49 CFR 396.13;

aa. Such other negligent, careless, illegal and reckless conduct as may be determined through the course of discovery.

WHEREFORE, Plaintiff Laura Piazza, demands judgment in her favor and against the Defendant Chuva, in an amount in excess of the applicable arbitration limits, exclusive of interest and costs, together with damages and costs and such other relief as is deemed appropriate.

**COUNT II**

**LAURA ANN PIAZZA v. INTEGRATED VEHICLE LEASING**

29.   Plaintiff incorporates by reference all of the preceding paragraphs inclusively as if the same were set forth fully at length herein.

30.     At the time of the aforementioned collision, the vehicle being operated by the defendant Chuva was owned by the defendant Integrated.

31.     At the time of the aforementioned collision, Defendant Integrated did authorize Defendant Chuva to operate its vehicle and Defendant Chuva did operate said vehicle with the permission, knowledge and consent of defendant Integrated.

32.     At all times relevant the Defendant Chuva was acting as an agent, employee and/or servant of the Defendant Integrated and in furtherance of Defendant Integrated's interests.

33.     It is believed and therefore averred that at all times relevant, Defendant Chuva was employed by and acting within the scope of his employment and/or agency with Defendant Integrated at and prior to the aforementioned collision.

34.     At all times relevant, Defendant Integrated had an obligation and duty to properly supervise Defendant Chuva and properly maintain the vehicle Defendant Chuva was operating, to assure that it was properly registered, inspected and maintained, to assure that Defendant Chuva would not operate the vehicle in violation of Pennsylvania Law and/or Federal Law and/or Federal Motor Carriers Safety Regulations and/or in an improper and unsafe manner.

35.     Defendant Integrated violated their aforementioned duties under both federal and state law to properly supervise and assure that Defendant Chuva would not operate the vehicle in violation of federal and state law or in an improper manner.

36.     Defendant Integrated violated their duties under both federal and state law to properly supervise and assure that Defendant Chuva would not operate the vehicle in

violation of federal, the Federal Motor Carriers Safety Regulations and/or state law and/or in an improper manner.

37.   Accordingly, the defendant Integrated is both directly liable and vicariously liable to plaintiff for the aforementioned conduct.

WHEREFORE, Plaintiff Laura Piazza, demands judgment in her favor and against the Defendant, Integrated, in an amount in excess of the applicable arbitration limits, exclusive of interest and costs, together with damages and costs and such other relief as is deemed appropriate.

## COUNT III

### LAURA ANN PIAZZA v. SSB EXPRESS LLC

38.   Plaintiff incorporates by reference all of the preceding paragraphs inclusively as if the same were set forth fully at length herein.

39.   At the time of the aforementioned collision, the vehicle being operated by the defendant Chuva was owned, operated and/or leased by the defendant SSB and being operated in interstate commerce under its U.S. DOT # 02408110 and/or authority.

40.   At the time of the aforementioned collision, Defendant Integrated did authorize Defendant Chuva to operate its vehicle and Defendant Chuva did operate said vehicle with the permission, knowledge and consent of defendant SSB.

41.   At all times relevant the Defendant Chuva was acting as an agent employee and/or servant of the Defendant SSB.

42.   It is believed and therefore averred that at all times relevant, Defendant Chuva was employed by and acting within the scope of his employment and/or agency with Defendant SSB at and prior to the aforementioned collision.

43.     At all times relevant the Defendant Chuva was acting as an agent, employee and/or servant of the Defendant SSB and in furtherance of Defendant SSB's interests.

44.     It is believed and therefore averred that at all times relevant, Defendant Chuva was employed by and acting within the scope of his employment and/or agency with Defendant SSB at and prior to the aforementioned collision.

45.     At all times relevant, Defendant SSB had an obligation and duty to properly supervise Defendant Chuva and properly maintain the vehicle Defendant Chuva was operating, to assure that it was properly registered, inspected and maintained, to assure that Defendant Chuva would not operate the vehicle in violation of Pennsylvania Law, the Federal Motor Carriers Safety Regulations and/or Federal Law and/or in an improper and unsafe manner.

46.     Defendant SSB violated their aforementioned duties under both federal and state law to properly supervise and assure that Defendant Chuva would not operate the vehicle in violation of federal law, the Federal Motor Carriers Safety Regulations and state law or in an improper manner.

47.     At all relevant times, defendant SSB had an obligation and duty to properly supervise Defendant Chuva and properly maintain the vehicle Defendant Chuva was operating to assure that Defendant Chuva would not operate the vehicle in violation of Pennsylvania law, Federal Law and/or the Federal Motor Carriers Safety Regulations, and/or in an improper and unsafe manner.

48.    Defendant SSB violated their duties under both federal and state law to properly supervise and assure that Defendant Chuva would not operate the vehicle in violation of federal and state law and/or in an improper manner.

49.    Accordingly, the defendant SSB is both directly liable and vicariously liable for the aforementioned.

WHEREFORE, Plaintiff Laura A. Piazza, demands judgment in her favor and against the Defendant SSB in an amount in excess of the applicable arbitration limits, exclusive of interest and costs, together with damages and costs and such other relief as is deemed appropriate.

RESPECTFULLY SUBMITTED,

FOLEY LAW FIRM, P.C.

BY: _____

KEVIN P. FOLEY, ESQUIRE
538 Biden Street, Suite 200
P.O. Box 1108
Scranton, PA 18501-1108
(570) 342-8194
Attorney ID #53067
KPF@FoleyLawFirm.com
Counsel for Plaintiff

**VERIFICATION:   Complaint**

I,  Laura Ann Piazza, HEREBY VERIFY that I have read the foregoing Complaint and that insofar as it is based upon information within my own knowledge, it is true and correct and insofar as it is based upon the expertise of counsel, I have relied upon counsel in making this Verification.  The language of the pleading is that of counsel and not my own.  I understand that this Verification is made subject to the provisions of 18 Pa. C.S. A. § 4904 pertaining to Unsworn Falsification to Authorities.

Laura Ann Piazza

**The Foley Law Firm**
A Professional Corporation
By:  Kevin P. Foley, Esquire
I.D. # 53067
538 Biden St. Ste. 200 - P.O. Box 1108
Scranton, Pennsylvania, 18501-1108
(570) 342-8194

Attorney for Plaintiffs

| | |
|---|---|
| LAURA PIAZZA | :IN THE COURT OF COMMON PLEAS |
| | : OF LUZERNE COUNTY |
| Plaintiff | : CIVIL ACTION |
| vs. | : |
| | : JURY TRIAL DEMANDED |
| | : |
| BRAULIO A. JIMENEZ CHUVA, | : |
| BRAULIO ALCIBAR JIMENEZ CHUVA, | : |
| INTERGRATED VEHICLE LEASING, INC., | : |
| And SSB EXPRESS LLC | : 2022 – CV - 05141 |
| Defendants | : |

### CERTIFICATE OF SERVICE

AND NOW, this 24th day of October, 2022, I, Kevin P. Foley, Esquire

hereby certify that I served a copy of Plaintiffs Complaint by depositing a copy of the

same via email, upon:

Rebecca M. Cantor, Esq.
Rebecca.cantor@zurichna.com
Hendrzak & Lloyd
3701 Corporate Center Parkway,
Suite 100
Center Valley, PA 18034
*Counsel for Defendant Integrated Vehicle Leasing, Inc.*

Braulio A. Jimenez Chuva
3528 E. Fairmount Avenue
Baltimore, MD 21224

Braulio Alcibar Jimenez Chuva
1328 Druid Hill Ave
Baltimore, MD 21217-3033

SSB Express LLC
5 Tenafly Rd – STE 312
Englewood, NJ 07631

_____
KEVIN P. FOLEY, ESQUIRE

## **CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.


Date: October 24, 2022            By: _____

Kevin P. Foley, Esq.
Attorney I.D. # 53067
Attorney for Plaintiff